# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH HELLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04 C 4041 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| ROYAL CARRIBEAN INTERNATIONAL ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deborah Hellman has sued Royal Caribbean International ("RC"), alleging that she sustained serious injury to her arm as the result of a massage she received while a passenger aboard one of RC's cruise ships. Presently before the court is RC's motion to dismiss Hellman's complaint for improper venue and lack of personal jurisdiction, or, in the alternative, to transfer this case to a court where venue is proper. For the reasons stated below, this case is transferred to the U.S. District Court for the Southern District of Florida.

## I. BACKGROUND

Hellman, a resident of Illinois, purchased a ticket in March of 2003 through the "Vacations to Go" travel agency for a Mediterranean cruise aboard RC's cruise liner *Brilliance of the Seas*. Upon receiving Hellman's payment, RC sent the ticket from its Miami, Florida office directly to Hellman, who received it at her home address in early April 2003. The travel documents received by Hellman included a "Cruise/Cruise Tour Ticket Contract." At the head of the contract in boldface type are the words, "**Important - Passenger Cruise/Cruise Tour Ticket Contract I**" followed immediately beneath by an admonition, in regular type, to "Read All Clauses." Clause 11 of the contract provides as follows:

> IT IS AGREED BY AND BETWEEN PASSENGER AND CARRIER THAT ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS CONTRACT SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE A COURT LOCATED IN MIAMI FLORIDA, U.S.A., TO THE EXCLUSION OF THE COURTS OF ANY OTHER STATE, TERRITORY OR COUNTRY. PASSENGER WAIVES ANY VENUE OR OTHER OBJECTION THAT HE MAY HAVE TO ANY SUCH ACTION OR PROCEEDING BEING BROUGHT IN ANY COURT LOCATED IN MIAMI, FLORIDA.

(all capitals in original). Only clauses 11 and 12 (the latter deals with the time in which an action may be brought and the limits of RC's and its agent's liability) are in all-capital typeface; the remaining 18 clauses are in regular typeface.

In June 2003, Hellman flew from Chicago, Illinois to Barcelona, Spain where she embarked upon the *Brilliance of the Seas*. The ship sailed on June 5, 2003, cruising to various Mediterranean ports of call. On June 16, the plaintiff visited the ship's spa for a massage treatment. According to Hellman, an insufficiently or improperly trained masseur applied too much pressure to her right arm during the course of the massage, causing serious injury to her arm. Upon returning from her cruise, Hellman sought medical treatment in Chicago for the alleged injury. Hellman subsequently filed this suit, which charges RC with two counts of negligence based on RC's alleged misrepresentation of the quality of its spa and failure to hire, screen and train qualified massage therapists.

## II. ANALYSIS

A lack of venue challenge based on a forum selection clause is governed by FED. R. CIV. P. 12(b)(3). *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606-07 (7th Cir. 2003). The plaintiff bears the burden under Rule 12(b)(3) of establishing that venue is proper. *Nagel v. ADM Investor Servs.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998). In deciding a motion to dismiss for improper venue, the court takes the plaintiff's well pleaded allegations as true and may consider facts outside the

complaint. *Id*. Any factual conflicts in the parties' submissions are resolved in the plaintiff's favor. *Id*.

In admiralty cases, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Forum-selection clauses in form passage contracts such as the contract at issue here "are subject to judicial scrutiny for fundamental fairness." *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991). In determining whether a forum selection clause is fundamentally fair, courts look to whether the forum has been selected to discourage passengers from pursuing legitimate claims, whether the accession to the forum selection clause was reached by fraud or overreaching, and whether the passengers were given sufficient notice and therefore the option to reject the contract. *See id*. Hellman maintains that the forum selection clause accompanying her ticket is unenforceable because she was not provided with adequate notice of the clause and because the clause is fundamentally unfair and unreasonable.

**A.    Adequate Notice.**

Courts examining whether a form contract provides adequate notice of a forum selection clause look to "both the clarity of the forum selection clause and the circumstances surrounding the purchase and retention of the ticket." *Grivesman v. Carnival Cruise Lines*, No. 00 C 2091, 2001 WL 62580, at *2 (N.D. Ill. Jan 25, 2001). Hellman first argues that the writing and presentation of the clause within the contract are too inconspicuous to meet the requisite standard of clarity for reasonable notice. The court disagrees. As noted above, the first page of the contract states in bold letters that the document is "Important," is followed immediately by an admonition on a separate line to "Read All Clauses," and the forum selection clause is one of only two in the contract to

appear in all capital letters. In the court's view, the formatting and structure of the contract comply with the minimum requirements of providing reasonable notice of a forum selection clause. *See, e.g., IFC Credit Corp. v. Burton Industries, Inc.*, No. 04 C 5906, 2005 WL 1243404, at *5 (N.D. Ill. May 12, 2005) (forum selection clause not hidden when it was in same size print as other contract provisions); *Cafcas v. Radisson Seven Seas*, No. 00 C 7936, 2001 WL 558049, at *4 (N.D. Ill. May 21, 2001) (use of phrase "IMPORTANT NOTICE TO PASSENGERS" in all capital letters coupled with general warning about limitations provisions sufficient to call attention to forum selection clause on cruise ticket).

Hellman contends that even the contract is clear, the circumstances under which she purchased the ticket excuse her non-compliance. Hellman stresses that she was "not familiar with the ticket" and therefore unaware of the forum selection clause, but this argument is legally without merit. It is well settled that "[a] contract need not be read to be effective; people who accept take the risk that the unread terms may in retrospect prove unwelcome." *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147, 1148 (7th Cir. 1997); *see also Schaff v. Sun Line Cruises*, 999 F. Supp. 924, 926 (S.D. Tex. 1998)("[T]he failure or inability of [a cruise ship] passenger to read the ticket does not preclude her being bound by [its] conditions and limitations, provided they are not unlawful in content."). Hellman maintains that the Vacations to Go travel agency was obligated to call her attention to the forum selection clause, but this argument likewise fails. As Hellman's own affidavit explains, RC sent the ticket and its terms directly to Hellman. In addition, Hellman has offered no explanation as to why the travel agent's alleged omission would binding on RC. *Cf. Afflerbach v. Cunard Line Ltd.*, 14 F. Supp. 2d 1260, 1265 (D. Wyo. 1998)("It is well-settled that a travel agent acts as agent or 'special agent' *for the traveler* for the purposes of that one transaction.") (emphasis added).

Hellman's final argument that the circumstances under which she purchased the ticket did not provide adequate notice is that, even if she had read the terms of the ticket, she would not have been able to cancel without incurring a financial penalty. Hellman lists purported cancellation penalties "gathered from Defendant's website" in support of her argument. RC objects to the website figures as vague and not necessarily indicative of policies in place at the time the contract was formed, but even assuming that the penalties are accurate, Hellman has not demonstrated that she would be subject to anything more than the loss of a "minimum deposit amount" if she were to cancel within approximately a month of receiving the ticket.[1] The law is clear that the possibility of the loss of a security deposit is insufficient to warrant the invalidation of a forum selection clause on a cruise ship ticket. *See, e.g., Cafcas*, 2001 WL 558049, at *4 (loss of 25% of payment insufficient to invalidate forum selection clause); *Grivesman*, 2001 WL 62580, at *2 (loss of security deposit "not particularly egregious"). Accordingly, the court finds that Hellman was presented with adequate notice of the forum selection clause as well as opportunity to reject it.

**B. Fundamental Fairness.**

Hellman also contends that enforcement of the forum selection clause would be fundamentally unfair and unreasonable. Much of Hellman's argument (other than her continued assertion that she was not provided with adequate notice of the forum selection clause) rests on the proposition that *Brilliance of the Seas* is operated not by RC, but by a British subsidiary. The court need not dwell on this argument at length because Hellman has not provided the court with any

---

[1] According to Hellman, cancellation between 30 and 69 days prior to departure results in a forfeit of the security deposit only, which would have given her approximately one month to review the contract terms and cancel without incurring substantial penalty.

evidence supporting her assertion that a British subsidiary operated the cruise ship.[2] Even assuming that this were the case, however, Hellman fails to demonstrate the fundamental unfairness that would result from prosecuting the claim in Florida rather than Illinois. Hellman maintains that the alleged operation of the cruise ship by a foreign subsidiary demonstrates that "there are no factors which reasonably connect this action to the State of Florida," Pl.'s Resp. at 8, but this is not so. RC is the only defendant named by Hellman, and there is at least some likelihood that discoverable material and/or witnesses related to its alleged negligence would be located at its corporate offices. Moreover, as the Supreme Court observed in *Shute*, "a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit" because cruise ships often carry passengers from many different locales. 499 U.S. at 593 (finding a forum selection clause requiring suit to be brought in Florida to be valid despite the fact that plaintiffs were residents of Washington state, cruise ship embarked from Los Angeles, and alleged tort occurred in international waters off the coast of Mexico).

Hellman contends that *Schaff*–a case which invalidated a forum selection clause requiring legal action to be brought in Athens, Greece–should control here, arguing that litigating in Florida is, for her at least, "tantamount to ... bring[ing] suit in Athens ... ." Pl.'s Resp. at 8. The court disagrees. Unlike Greece, "Florida is not a 'remote alien forum.'" *Schute*, 499 U.S. at 594. While it would no doubt be more convenient for Hellman to litigate this claim in the Northern District of Illinois, her inconvenience is not sufficient to satisfy the "heavy burden of proof" required to set aside an otherwise valid forum selection clause. *Moraites v. Royal Caribbean Cruises, Ltd.*, No. 94

---

[2] Hellman cites to page 117 of RC's "2004-2005 Caribbean Cruise Vacation Planner," but this document has not been provided to the court.

C 3762, 1994 WL 405919, at *3 (N.D. Ill. Jul. 29, 1994). (citing *Shute*, 499 U.S. at 595). Hellman has failed to establish that RC selected Florida as a forum for the purpose of discouraging passengers from pursuing claims against it or that the selection of its corporate headquarters as the forum for litigation otherwise was objectively unreasonable. This court does not write on a clear slate, but against a background of substantial Supreme Court and Seventh Circuit authority rejecting precisely the arguments that Hellman makes here. This case cannot be litigated in the Northern District of Illinois.

### III. CONCLUSION

RC urges the court to dismiss this case, but 28 U.S.C. 1406(a) invests the court with the discretion either to dismiss or to transfer the case to "any district or division in which it could have been brought" if it is in the interests of justice to do so. *See, e.g., Moraites v. Royal Caribbean Cruises, Ltd.*, No. 94 C 3762, 1994 WL 405919, at *2 (N.D. Ill. Jul. 29, 1994). The court believes that justice would be better served in this case by transfer rather than dismissal, particularly since the contract at issue also contains a provision limiting the time period in which an action may be brought which may be implicated by dismissal. For the reasons stated above, RC's motion to dismiss is denied, and RC's motion to transfer is granted. The Clerk of the Court is hereby directed to transfer this case to the U.S. District Court for the Southern District of Florida.

ENTER:

/s/
Joan B. Gottschall
United States District Judge

Dated: July 8, 2005